Kathryn JOHNSON, as Trustee for the Heirs and Next of Kin of Lewis W. Johnson, deceased, Appellant,

v.

Dr. James P. KROMHOUT, et al., Defendants,

Lufkin Medical Laboratories, et al., Respondents.

No. C9-89-266.

Court of Appeals of Minnesota.

Aug. 8, 1989.

Opinion Publication Ordered Aug. 23, 1989.

Steve Gaskins, Faegre & Benson, Minneapolis, for appellant.

Donald F. Hunter, P.A., Gislason, Dosland, Hunter & Malecki, Minnetonka, for respondents.

Heard, considered and decided by SCHUMACHER, P.J., and HUSPENI and THOREEN *, JJ.

## OPINION

SCHUMACHER, Judge.

Kathryn Johnson won a wrongful death negligence verdict against respondents Lukfin Medical Laboratories (Lufkin) in August 1988. The trial court ordered judgment entered in the amount of $290,643.48, which included prejudgment interest of $38,321.48. Lufkin objected to the amount of prejudgment interest, and the trial court, after hearing the arguments of the parties, reduced the amount of prejudgment interest to $3,428.21. Kathryn Johnson appeals, contending the trial court erred in its computation of the amount of prejudgment interest. We reverse.

## FACTS

The parties have submitted an agreed statement of the record. Appellant Kathryn Johnson filed this wrongful death action for the death of her husband on October 22, 1986. No written settlement demand was made before the action was commenced. On October 15, 1987, appellant submitted a written settlement offer of $425,000 to counsel for Lufkin and to counsel for Dr. James P. Kromhout. (Kromhout was found not to be negligent by the jury, and he is not involved in this

---

* Acting as judge of the Court of Appeals by ap-   pointment pursuant to Minn. Const. art. VI, § 2.

appeal.) No counteroffer was received within 60 days. On May 2, 1988, Lufkin offered to settle the case for $50,000. Appellant made a counteroffer of $375,000 on June 8, 1988. This counteroffer was not accepted.

Following trial, a jury returned a verdict of $265,717 in favor of appellant against Lufkin. Counsel for appellant submitted proposed findings of fact and an order for judgment which included prejudgment interest calculated from the date of the commencement of the action. The trial court signed the submitted order on August 19, 1988. The next day, counsel for Lufkin notified the trial court that Lufkin objected to the order for judgment, arguing that prejudgment interest had been overstated.

The parties were unable to agree on the amount of prejudgment interest owed, and in November 1988 appellant moved the court to grant prejudgment interest on the entire verdict, a total amount of $38,321.48. Lufkin opposed the motion and made a cross-motion seeking to limit prejudgment interest to $3,428.21; this represented the amount of interest from the date of appellants' counteroffer (June 8, 1988) to the date of verdict (August 9, 1988). On January 10, 1989, the trial court denied appellant's motion, granted Lufkin's cross-motion, and ordered the judgment amended to include $3,428.21 in prejudgment interest. Appellant seeks reversal of the trial court's determination that Lufkin owes prejudgment interest only from the date of appellant's last counteroffer, rather than from the date of the commencement of the action.

## ISSUES

1. Did Lufkin's failure to respond to appellant's first settlement offer result in a waiver of the right to contest calculation of prejudgment interest?

2. Did the trial court err in calculating prejudgment interest from the date of appellant's last written settlement offer?

## ANALYSIS

Appellant, citing *Kulkay v. Allied Central Stores, Inc.*, 398 N.W.2d 573 (Minn.Ct. App.1986), *pet. for rev. denied* (Minn. Feb. 13, 1987), contends Lufkin's failure to respond to appellant's initial settlement offer forfeits Lufkin's right to contest the issue. In *Kulkay*, an employee sued a former employer for breach of an employment contract. The employee offered to settle the case; the employer did not respond. There were no other offers or counteroffers. This court held that the provisions of the statute relating to situations where both parties make offers of settlement was inapplicable. *Id.* at 578.

In the present case, Lufkin made an offer to settle the case for $50,000. This offer came six months after appellant's original offer. The relevant portion of the state reads:

> If either party serves a written offer of settlement, the other party *may* serve a written acceptance or a written counteroffer within 60 days. * * * Subsequent offers and counteroffers supersede the legal effect of earlier offers and counteroffers.

Minn.Stat. § 549.09, subd. 1(b) (1988) (emphasis added). If Lufkin had made no offer, *Kulkay* would be controlling; however, Lufkin's subsequent offer supersedes the legal effect of appellant's earlier offer.

Appellant argues the statute requires a counteroffer within 60 days or the right to make a counteroffer is waived. The statute's language, however, is permissive ("the other party may serve * * * a written counteroffer within 60 days"). Adopting appellant's argument would lead to undue inflexibility in the operation of the statute.

2. The prejudgment interest statute reads:

> Except as otherwise provided by contract or allowed by law, preverdict or prereport interest on pecuniary damages shall be computed as provided in clause (c) from the time of the commencement of the action, or the time of a written settlement demand, whichever occurs first, except as provided herein. The action must be commenced within 60 days of a written settlement demand for interest to

begin to accrue from the time of the demand. * * * After that time interest on the judgment shall be calculated by the judge in the following manner. The prevailing party shall receive interest on any judgment from the time the action was commenced or a written settlement demand was made, or as to special damages from the time when special damages were incurred, if later, until the time of verdict or report only if the amount of its offer is closer to the judgment than the amount of the opposing parties' offer.

Minn.Stat. § 549.09, subd. 1(b) (1988).

One commentator has set out four events which trigger the accrual of prejudgment interest. These are: (1) from commencement of the action, i.e., service of process, if subsequent to July 1, 1984; (2) from July 1, 1984, the effective date of the statute; (3) from the date of occurrence of a special damage that is incorporated into the ultimate verdict; and (4) from the date of a written settlement demand, made prior to the commencement of the action. Sanner, *Minnesota's Prejudgment Interest Statute*, 57 Hennepin Lawyer 8, at 29 (1987); *see also* Note, *The Minnesota Prejudgment Interest Amendment: An Analysis of the Offer–Counteroffer Provision*, 69 Minn.L.Rev. 1401 (1985). The trial court in this case concluded that the statute required the court to award interest on the judgment from the date of the written settlement offer closest to the date of the verdict. The commentators contend that the written settlement offer referred to in the statute is a written settlement offer made prior to commencement of an action.

■ The latter interpretation is consistent with the language of the statute. The first sentence provides that prejudgment interest is to be computed from the time the action is commenced or from the time of a written settlement demand, whichever occurs first.

Lufkin contends the phrase " * * * except as provided herein" requires a differ-

ent result. That phrase, combined with "if later" following the clause on special damages, means that if an offer or counteroffer is made, prejudgment interest is to be computed from the time of the offer or counteroffer *if later* than commencement of the action, according to Lufkin. The phrase "if later," however, plainly refers to the time special damages are incurred. *See* Sanner, 57 *The Hennepin Lawyer* at 29.

The prejudgment interest statute serves two purposes: (1) compensation of the plaintiff for the loss of use of money, and, by implication, deprivation of any gain to the defendant resulting from the use of money rightfully belonging to the plaintiff; and (2) promotion of settlement. *Burniece v. Illinois Farmers Insurance Co.*, 398 N.W.2d 542, 544 (Minn.1987). In construing a statute, it is this court's function to ascertain and give effect to the intention of the legislature. Minn.Stat. § 645.16 (1988). In interpreting section 549.09, this court should give the statute a meaning which will carry out its dual purpose.

In attempting to give effect to the intention of the legislature, the trial court erred. The interpretation given the statute by the trial court would discourage settlement. A plaintiff making a settlement offer or counteroffer would shorten the time in which prejudgment interest accrues. This would encourage plaintiffs not to make such offers. A defendant would be encouraged to wait until the eve of trial to begin serious settlement negotiations. Neither result would be consistent with the intent of the legislature.

## DECISION

The trial court erred in its computation of prejudgment interest.

Reversed.