**Sheryl STEWART, Appellant,**

v.

**Sally Kay ANDERSON,**
**et al., Respondents,**

**Kimberly K. Wertz, Defendant.**

**No. C1-91-777.**

Court of Appeals of Minnesota.

Dec. 17, 1991.

---

Teri Ellen Bentson, Wasserman and Baill, Minneapolis, for appellant.

John Arthur Nelson, Michael T. Feichtinger, Quinlivan, Sherwood, Spellacy & Tarvestad, St. Cloud, for respondents.

Considered and decided by KLAPHAKE, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant challenges the trial court's decision to award prejudgment interest under Minn.Stat. § 549.09, subd. 2 (1990) only on the amount of a 1985 settlement offer by respondents and only through the date of that offer. Appellant contends that she should not be penalized by her failure to respond to the 1985 offer because: (1) the offer was incomplete, and (2) the effects of the offer were superseded by her subsequent 1990 offer.

## FACTS

Appellant commenced a negligence action against respondents in December 1984 to recover damages for injuries resulting from a 1982 car accident. In May 1985, respondents' insurer, Auto–Owners Insurance Company, made a written offer of settlement to Stewart for $25,000, the policy limits of its insureds. Stewart did not respond to that offer, although she notified her insurer, State Farm Insurance Companies, of the outstanding offer so that it could protect its subrogation rights in the fashion provided in *Schmidt v. Clothier*, 338 N.W.2d 256 (Minn.1983). State Farm elected to substitute its payment for Auto–Owner's offer, and in June 1985, appellant received a check from State Farm in the amount of $25,000.

Appellant did not communicate with Auto–Owners after May 1985, although the record shows several attempts on behalf of Auto–Owners to determine the status of its offer. In February 1990, negotiations resumed. Appellant, through State Farm, offered to settle for $35,000 ($25,000 representing the policy limits and $10,000 in prejudgment interest). After subsequent correspondence, the parties concluded a settlement under which respondents confessed judgment for $35,000, providing that appellant not pursue her claim against respondents personally, but only against Auto–Owners. Additionally, the settlement provided that the trial judge would determine the appropriate amount of prejudgment interest.

## ISSUES

1. Did the trial court err in determining that Auto–Owner's 1985 written settlement offer constituted a complete offer?

2. Did the trial court err in determining that appellant's failure to respond to the 1985 written offer cut off her rights to prejudgment interest after that date?

## ANALYSIS

Under Minnesota's prejudgment interest statute, Minn.Stat. § 549.09, subd. 1(b), prejudgment interest is normally calculated from the date the action is commenced.[1]

1. In part, the statute provides:

> Except as otherwise provided by contract or allowed by law, preverdict or prereport inter-

Complexity arises in determining when the prejudgment interest period ends. In this regard, if a plaintiff makes an offer which is closer to the resulting judgment than a defendant's offer, the statute confers a benefit to the plaintiff by calculating prejudgment interest on the amount of the judgment and allowing interest to be calculated through the time the judgment is entered. *Id.* Similarly, the statute penalizes a plaintiff should the defendant's offer prove closest to the ultimate judgment. In the latter situation, prejudgment interest is calculated only on the amount of the defendant's offer and the prejudgment interest period ends as of the date of the defendant's offer. *Id.* The statute permits counteroffers within 60 days of an offer of settlement, thereby allowing parties to escape the risk an outstanding offer poses to them. While the statute suggests attributes significant only to a counteroffer made within 60 days of the settlement offer, the statute provides that subsequent offers supersede the legal effects of earlier offers. *Id.*

### 1.

Appellant first contends that Auto–Owner's 1985 settlement offer was not complete and did not trigger the offer-counteroffer provision of the prejudgment interest statute because the offer did not encompass State Farm's subrogation interest.

According to *Hodder v. Goodyear Tire & Rubber Co.,* 426 N.W.2d 826, 840 (Minn. 1988), *cert. denied,* 492 U.S. 926, 109 S.Ct. 3265, 106 L.Ed.2d 610 (1989), an offer will not trigger the offer-counteroffer provision under Minn.Stat. § 549.09, subd. 1(b) unless it is in writing and offers "in sufficiently clear and definite terms, to dispose completely the claims between the negotiating parties." This rule is an attempt to further the statute's purpose of promoting settlements which eliminate the need for litigation. *Hodder,* 426 N.W.2d at 840. In *Hodder,* a defendant manufacturer offered

a settlement to an injured plaintiff but neglected to provide for settling a worker's compensation subrogation claim plead by the plaintiff's employer. The court found the two claims against the manufacturer were intertwined and held that any settlement offer, to be valid, must encompass the interests of both the employee and the employer. *Id.* at 840–41.

Following this same authority, we have determined a defendant dealership's offer was incomplete where it failed to state release of its prospective claim against the plaintiff. *Erickson v. American Honda Motor Co.,* 455 N.W.2d 74 (Minn.App.1990), *pet. for rev. denied* (Minn. July 13, 1990).

■ Appellant contends that *Hodder* renders Auto–Owner's 1985 offer incomplete. We disagree. The prospect of payments by the carrier and a resulting subrogation claim takes nothing away from the finality of a settlement between an injured party and a tortfeasor. This is demonstrated by observing that any settlement by Stewart would be without prejudice to State Farm. Three occurrences were possible after Stewart received Auto–Owner's offer.

First, Stewart might have chosen not to inform her insurance company of the settlement offer. If she then accepted the offer, there would be no prejudice to the company. An acceptance would allow the insurer to refuse to process Stewart's underinsurance claim under *Schmidt v. Clothier.* Having opted to protect its interests, the insurer could not complain about the settlement process.

Second, Stewart might have informed her insurance company of the settlement offer, but the insurance company might have chosen not to substitute its draft for the offer. In this situation, if Stewart accepted the offer, it would be binding upon the insurance company pursuant to *Schmidt v. Clothier.* If Stewart rejected

est on pecuniary damages shall be computed as provided in clause (c) from the time of the commencement of the action, or the time of a written settlement demand, whichever occurs first, except as provided herein.
Minn.Stat. § 549.09, subd. 1(b).

Alternatively, prejudgment interest may be calculated from the date of a written demand for settlement when that demand occurs before an action is commenced so long as an action is commenced within 60 days of the settlement demand. *Id.*

the offer, the only consequence would be to her.

Finally, the insurer might have substituted its draft for the offer, as occurred here. In this situation, the company stands in the place of Stewart and joins with her in dealing with any settlement.

We conclude respondent proposed a complete settlement of the case in 1985, with or without directing that offer to appellant's insurer. Thus, the offer triggered application of Minnesota's prejudgment interest statute.

2.

It is undisputed that Stewart did not respond to Auto Owner's 1985 offer. As a result, Stewart stood to lose her rights to prejudgment interest after the date of that offer. In *Hodder*, it was noted that the failure of the plaintiff to respond to a defendant's offer would not impair the effectiveness of the offer to cut off the prejudgment interest period.[2] *Hodder*, 426 N.W.2d at 841 n. 17.

Without questioning the effects of her failure to respond to the 1985 settlement offer, appellant argues that her rights were fully resurrected by a February 1990 offer. She directs our attention to the statutory provision stating that later offers supersede the legal effects of earlier offers. *See* Minn.Stat. § 549.09, subd. 1(b). Explaining the effect of this language, we have specifically rejected the idea that the offer-counteroffer provision mandates responses to settlements within 60 days.

*Johnson v. Kromhout*, 444 N.W.2d 569, 570 (Minn.App.1989).

In *Johnson*, a plaintiff's offer was made in October 1987. The defendant did not respond, but made its own offer in May 1988. This court observed that the 1988 offer superseded the legal effect of the plaintiff's earlier offer.[3] Although this conclusion limits the impact of the sixty day provision in the statute, we elect to follow the rationale of *Johnson* on this subject. Thus, appellant, who suffered a cutoff of prejudgment interest rights due to the neglect of an offer, could resurrect those rights by making another offer at a later date that either attracted no response or was the closest to the actual verdict. Likewise, as in *Johnson*, a defendant who has previously failed to respond can nevertheless attempt to cut off prejudgment interest by a later offer.

However, appellant's argument fails in the circumstances of this case. After a five year delay, appellant made a new offer, but this offer was accepted.[4] We conclude that neither party can obtain a prejudgment interest advantage premised on a completed offer which is accepted by the other party. A completed settlement commits both parties to the same disposition of the case. Were we to hold otherwise, the responding party would be penalized for entering into the settlement. That clearly offends the policy behind the statute. *See Hodder*, 426 N.W.2d at 841 n. 17

---

**2.** This court reached a similar decision regarding a plaintiff who ignored a defendant's offer. *Kulkay v. Allied Cent. Stores, Inc.*, 398 N.W.2d 573, 578 (Minn.App.1986), *pet. for rev. denied* (Minn. Feb. 13, 1987). We observe that the *Hodder* court criticized *Kulkay*, but this criticism went to the rationale, not to the result. *Hodder*, 426 N.W.2d at 841 n. 17.

**3.** The plaintiff in *Johnson* counteroffered in June 1988. That counteroffer proved to be the closest offer to the ultimate verdict. Thus, although the defendant resurrected an opportunity to cut off prejudgment interest by making the May 1988 offer, this advantage was negated by the plaintiff's counteroffer and the amount of the subsequent verdict. *See Johnson*, 444 N.W.2d at 570.

**4.** Appellant does not contend that there were material differences between the completed settlement and her February 1990 offer. As a result, we will treat as immaterial the differences between the offer and the settlement which appear of record. Specifically, while the offer was for $35,000, inclusive of $10,000 prejudgment interest, the settlement was for $35,000 without reference to prejudgment interest and with the condition that Stewart not enforce the judgment against the assets of the individual defendants but only against the policy limits.

Additionally, the record makes it unclear whether respondents answered appellant's February 1990 offer within the sixty day limit contemplated by the statute. However appellant does not claim that respondents should be penalized by a failure to respond.

("purpose of the statute is to promote set-tlements").

## DECISION

Because we find that Auto–Owner's 1985 settlement offer completely disposed of the claims of all parties, and because we conclude that neither party can obtain a pre-judgment interest advantage based on an offer which is accepted, the trial court properly determined prejudgment interest.

Affirmed.