James A. TRAPP, Appellant,

v.

Lowell L. HANCUH, et. al., Respondents.

No. C2–98–830.

Court of Appeals of Minnesota.

Dec. 22, 1998.

Kevin M. Busch, Moss & Barnett, Minneapolis, MN (for appellant).

John A. Pecchia, Charles E. Keenan, Christoffel & Elliott, P.A., St. Paul, MN (for respondents).

Considered and decided by LANSING, P.J., and SHORT and HOLTAN,* Judge.

## OPINION

LANSING, Judge.

In this fifth appeal arising from a loan transaction between business partners, James Trapp disputes three components of the calculation of prejudgment interest: the starting date, the ending date, and the interest rate. Lowell Hancuh and Hancuh's company, AAA Wholesale Trucks, Inc. (collectively Hancuh), appeal the denial of prejudgment interest on the remaining principal of a usurious loan. We find no reversible error in the calculation and affirm.

## FACTS

This litigation, generated by the partnership between Trapp, Hancuh, and a third person, has greatly exceeded the brief life of the partnership. The three partners formed LAW Properties in March 1989. In October 1989 Hancuh loaned Trapp $57,500, secured by Trapp's partnership interest in LAW Properties. Trapp defaulted on the loan in April 1990, and Hancuh seized Trapp's partnership interest in May 1990.

Trapp sued Hancuh in June 1993 and, on appeal, this court held that: (1) Hancuh's loan to Trapp was usurious; (2) the seizure was unjustified; (3) Trapp was entitled to the value of the seized partnership interest; (4) Hancuh was required to forfeit the interest and pay penalties provided by the usury

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

statute; and (5) Trapp was obligated to pay the remaining loan principal. *Trapp v. Hancuh,* 530 N.W.2d 879 (Minn.App.1995). On remand from that appeal, the district court ordered judgment for Trapp in the amount of $33,884.01, including prejudgment interest. The district court's calculation of prejudgment interest forms the basis for this appeal.

In computing the prejudgment interest, the district court first determined that Trapp's claim for the value of his partnership interest was unliquidated and not readily ascertainable. The district court computed prejudgment interest from June 1, 1993, the date Trapp brought this action, to July 23, 1993. The district court used July 23 as a termination date because Hancuh offered Trapp $22,000 to settle the claim on that date. Trapp rejected the offer and made a number of counteroffers. Trapp's final unaccepted offer, on February 18, 1994, was for Hancuh to pay him $271,500. The district court found that Hancuh's offer was closer to the actual award than Trapp's final offer and therefore Trapp was not entitled to prejudgment interest after July 23, 1993. In computing the setoff from Trapp's recovery, the district court denied Hancuh any prejudgment interest on the loan's outstanding principal, concluding that it was prohibited under the mandatory interest forfeiture provided by the usury remedy. *See Trapp,* 530 N.W.2d at 886.

### ISSUES

I.  Did the district court err in selecting the starting date for the accrual of prejudgment interest?

II. Did the district court err in selecting the ending date for the accrual of prejudgment interest?

III. Did the district court err in using the interest rate and method of calculation provided by Minn.Stat. § 549.09 to calculate prejudgment interest?

IV. Did the district court err in denying Hancuh interest on his loan to Trapp?

### ANALYSIS

■ In Minnesota, both statute and common law govern the award of prejudg-ment interest. Minn.Stat. § 549.09 (1996); *Potter v. Hartzell Propeller, Inc.,* 291 Minn. 513, 518, 189 N.W.2d 499, 504 (1971). The construction of a statute is a question of law that we review de novo. *Lolling v. Midwest Patrol,* 545 N.W.2d 372, 375 (Minn.1996). But issues underlying the application of the statute, including whether a claim is liquidated, readily ascertainable, or unliquidated, are questions of fact. *See Spinett, Inc. v. Peoples Natural Gas Co.,* 385 N.W.2d 834, 841 (Minn.App.1986). A district court's findings of fact will not be reversed unless clearly erroneous. Minn. R. Civ. P. 52.01.

### I

Prior to 1984, prejudgment interest was available only on liquidated claims and on unliquidated claims if the amount was readily ascertainable. *Casey v. State Farm Mut. Auto. Ins. Co.,* 464 N.W.2d 736, 739 (Minn. App.1991), *review denied* (Minn. Apr. 5, 1991). In 1984 the legislature extended the availability of prejudgment interest to provide that preverdict, preaward, or prereport interest on pecuniary damages, except as otherwise provided by contract or allowed by law, shall be computed from the time of the commencement of the action. Minn.Stat. § 549.09, subd. 1(b) (1996).

■ By making an exception for prejudgment interest "allowed by law," the legislature supplemented, but did not replace, the existing common law allowing prejudgment interest. *Seaway Port Auth. v. Midland Ins. Co.,* 430 N.W.2d 242, 252 (Minn. App.1988); *see Spinett,* 385 N.W.2d at 840. The exception is significant because, at common law, prejudgment interest begins to run on a liquidated and on a readily ascertainable unliquidated claim when it arises. *ICC Leasing Corp. v. Midwestern Mach. Co.,* 257 N.W.2d 551, 556 (Minn.1977) (equating liquidated claims and readily ascertainable unliquidated claims). Under the statute, prejudgment interest does not begin to run until an action is brought or when a written demand is made, whichever is first. Minn.Stat. § 549.09, subd. 1(b).

■ The district court applied the prejudgment interest statute to compute the

interest on the value of Trapp's partnership from the commencement of the action. *Id.* Trapp contends that the interest should be computed under the common law from the date his claim arose (when his partnership interest was seized) because it is a liquidated or readily ascertainable unliquidated claim.

■ Prejudgment interest from the time the claim arises is appropriate when the amount demanded can be ascertained by computation or reference to generally recognized standards and does not depend on a contingency. *Jostens, Inc. v. CNA Ins., Continental Cas. Co.*, 336 N.W.2d 544, 546 (Minn. 1983). The district court found that the value of Trapp's partnership interest and the method of valuing it were sharply disputed throughout the litigation and, because the value had to be determined by litigation, it was neither liquidated nor readily ascertainable.

The record supports the district court's finding. The parties initially disputed whether book or market value should be used. Trapp apparently argued in the district court that his interest was worth $150,-000 and Hancuh argued that it was worth substantially less. *Trapp*, 530 N.W.2d at 888. On appeal the divergent positions were noted and, because the value of the partnership interest was not developed in the record, the issue was remanded to the district court to make specific findings. *Id.* at 889. On remand the court determined that the book value was the appropriate value of the corporation and determined Trapp's interest to be worth $82,000.

The divergent partnership valuations and the litigation necessary to establish the valuation adequately support the district court's finding that the value was not readily ascertainable. Relying on that finding, the district court properly used the commencement of the litigation as the starting date for computing prejudgment interest.

## II

■ The district court used July 23, 1993, as the ending date for the prejudgment interest calculation. Trapp argues that this date is erroneous because his February 18, 1994 counteroffer superseded the effect of Hancuh's July 23, 1993 offer. Trapp misinterprets the statute. The statute does not require either party to make a settlement offer or respond to an offer made by the other party. Minn.Stat. § 549.09, subd. 1(b); *Hodder v. Goodyear Tire & Rubber Co.*, 426 N.W.2d 826, 841 n. 17 (Minn.1988) (not necessary for both parties to make valid offer for offer-counteroffer provision to apply). Parties may make offers and, if a party makes more than one offer, the statute provides a mechanism for the court to determine which of the parties' offers it should use in determining prejudgment interest: "Subsequent offers and counteroffers supersede the legal effect of earlier offers and counteroffers." Minn.Stat. § 549.09, subd. 1(b).[1]

We reject Trapp's argument that the supersession provision should be read to mean that the most recent offer by either party supersedes all prior offers by both parties. He bases his interpretation on *Stewart v. Anderson*, 478 N.W.2d 527 (Minn.App.1991),

---

1. The text of the statute establishes the procedure:

Except as otherwise provided by contract or allowed by law, preverdict, preaward, or prereport interest on pecuniary damages shall be computed * * * from the time of the commencement of the action * * * or the time of a written notice of claim, whichever occurs first, except as provided herein. * * * If either party serves a written offer of settlement, the other party may serve a written acceptance or a written counteroffer within 30 days. After that time, interest on the judgment or award shall be calculated by the judge or arbitrator in the following manner. The prevailing party shall receive interest on any judgment or award from the time of commencement of the action

* * * or the time of a written notice of claim, * * * until the time of verdict, award, or report only if the amount of its offer is closer to the judgment or award than the amount of the opposing party's offer. If the amount of the losing party's offer was closer to the judgment or award than the prevailing party's offer, the prevailing party shall receive interest only on the amount of the settlement offer or the judgment or award, whichever is less, and only from the time of commencement of the action * * * or the time of a written notice of claim[.] * * * Subsequent offers and counteroffers supersede the legal effect of earlier offers and counteroffers.

Minn.Stat. § 549.09, subd. 1(b).

and *Johnson v. Kromhout,* 444 N.W.2d 569 (Minn.App.1989). In *Johnson,* the plaintiff made an offer in October 1987, to which the defendant did not respond. 444 N.W.2d at 569–70. In May 1988, the defendant made an offer and the plaintiff responded with a counteroffer, which was not accepted. *Id.* at 570. Reviewing this series of offers, this court stated the defendant's offer "supersede[d] the legal effect of [the plaintiff's] earlier offer." *Id.* In *Stewart,* the court examined *Johnson* and said that the plaintiff

> who suffered a cutoff of prejudgment interest rights due to the neglect of an offer, could resurrect those rights by making another offer at a later date that either attracted no response or was the closest to the actual verdict.

*Stewart,* 478 N.W.2d at 530.

We acknowledge that *Stewart*'s language could be read broadly to support Trapp's global supersession argument, but a narrower reading is required by the statute and the applicable caselaw. Trapp's interpretation of *Stewart* would permit plaintiffs to wait until immediately before trial to make an offer. The offer would erase the defendant's prior offers, if any, and preserve prejudgment interest for the plaintiff. This interpretation is inconsistent with the legislature's goal of encouraging settlement. *See Hodder,* 426 N.W.2d at 840 (Minn.Stat. § 549.09 aims to promote settlements); *Casey,* 464 N.W.2d at 740 (offers and counteroffers intended to promote settlement).

Trapp's reading of the statute would also impede the application of the closer-offer provision in the prejudgment interest statute. When a plaintiff prevails on a claim, a defendant's offer that is closer to the award than a plaintiff's offer, if any, terminates the accrual of the prejudgment interest. Minn.Stat. § 549.09, subd. 1(b). To give effect to this provision, each party's most recent offer, if any, must retain its legal effect. Minn.Stat. § 645.26, subd. 1 (1996) (courts should construe statutory provisions so each provision is given effect); *see Imlay v. City of Lake Crystal,* 453 N.W.2d 326, 335 (Minn.1990) (a prevailing party receives preverdict interest only if amount of offer is closer to the verdict). *Stewart* and *Johnson*

are more properly read, consistent with the statute, to recognize that subsequent offers and counteroffers supersede the legal effect of *that party's* earlier offers and counteroffers.

This reading of the statute allows the superseding and closer-offer provisions of the statute to work together in a sequential manner. After a court determines which offer is each party's most recent offer, if any, the court then determines which party's offer is closer to the awarded amount. This closest-offer provision in the statute advances the statute's goal of moving the parties' positions closer together over time, toward a settlement. *See Hodder,* 426 N.W.2d at 841 (expressing concern that the statute would not function if offers and counteroffers were "not responsive to each other").

Between Hancuh and Trapp, the offer closest to the judgment amount was not the last offer, but it was Hancuh's last and most recent offer. The record supports the district court's finding that Hancuh's offer was closer to the award. Applying the superseding and closer-offer provisions in the statute, we affirm the prejudgment interest ending date used by the district court.

### III

The prejudgment interest statute provides that interest is computed as simple interest per annum, based on a bank-discounted secondary market yield of one-year treasury bills. Minn.Stat. § 549.09, subd. 1(c) (1996). Despite the specific provisions of the statute, Trapp argues that the district court erred by not using a common-law interest rate and by not compounding interest.

The cases Trapp relies on do not support his argument. *Specialized Tours, Inc. v. Hagen* supplied an interest rate for prejudgment interest on securities fraud violations because Minn.Stat. § 80A.23 allowed prejudgment interest but did not specify the rate of interest. 392 N.W.2d 520, 540 (Minn. 1986). *Josten's, Inc. v. CNA Ins., Continental Cas. Co.,* Trapp's other authority, was decided in 1983, a year before the legislature passed the prejudgment interest statute. Minn.Stat. § 549.09 (1984).

Trapp's assertion that *Fire Insurance Exchange v. Adamson Motors* used a compound interest rate is simply incorrect. 514 N.W.2d 807, 810 (Minn.App.1994). This court affirmed the district court's award of prejudgment interest based on a simple-interest calculation. *Id.* (citing Minn.Stat. § 549.09, subd. 1(c) (1992)). The district court properly applied the statute in computing the interest rate.

## IV

 The final issue is Hancuh's claim that the district court erred in denying him interest on the remaining principal of his loan to Trapp. The loan underlying this serial litigation was determined to be usurious in the first appeal. Neither of Hancuh's arguments creates an exception from the statutory forfeiture of interest on usurious loans. *See* Minn.Stat. § 334.011, subd. 2 (1996) (providing the penalty that usurious lender forfeits all interest on its loan).

Hancuh's first argument, that the obligation is a debt rather than a loan is a fallacious characterization. The amount is both a debt and a loan, depending on whether it is viewed from Hancuh's or Trapp's perspective. Calling it a debt does not exempt it from the interest prohibition on usurious loans.

Hancuh's second argument is that he is not required to forfeit all interest on the loan, but only the usurious portion of the interest. This argument is based on a misreading of his cited authority, *Citizen's National Bank of Willmar v. Taylor,* 368 N.W.2d 913 (Minn.1985). In *Citizen's National Bank,* the interest rate increased from a nonusurious rate to a usurious rate (from 15 percent to 22½ percent). The court allowed recovery of the interest up to the time the contract was altered to a usurious rate. *Id.* at 920. But it held the bank forfeited the whole interest accrued on the debt from the time it began to charge the usurious rate. *Id.* (citing Minn.Stat. § 334.011, subd. 2 (1984)). *Citizens National Bank* stands for the proposition that during the time a lender charges a usurious rate, it forfeits all interest on the loan. This is the principle the district court applied, and we affirm the court's denial of interest on the usurious loan.

## DECISION

The district court did not err in determining that Trapp's claim was not liquidated or readily ascertainable. The court selected the correct starting and ending dates for the accrual of prejudgment interest, and it used the correct rate of interest and method of calculation. The court also correctly held that Hancuh could not recover prejudgment interest on his loan to Trapp.

**Affirmed.**