**WOLF MOTOR COMPANY, INC., Respondent,**

v.

**ONE 2000 FORD F–350, VIN IFTSX31F1YEC59488, Appellant.**

No. C0–02–1402.

Court of Appeals of Minnesota.

April 8, 2003.

David E. Schauer, Sibley County Attorney, Winthrop, MN, for appellant.

Steven L. Bergeson, Andrew M. Morris, Jordan, MN, for respondent.

Considered and decided by PETERSON, Presiding Judge, HARTEN, Judge, and PORITSKY, Judge.*

## OPINION

HARTEN, Judge.

Appellant county challenges the district court's determination that a vehicle it seized was not subject to statutory forfeiture and the awards of interest and attorney fees to respondent, the vehicle's owner.

## FACTS

On 9 March 2000, Erik Tharaldson contracted with respondent, Wolf Motor Co., Inc. (Wolf) to purchase a 2000 Ford F–350 pickup truck. Tharaldson paid for the truck with a personal check for $36,155.92 and took possession of the truck the next day. Wolf's sales manager later testified that the sale was contingent on Tharaldson's obtaining financing to cover his check.

On 11 March, police stopped Tharaldson as he was driving the truck. They discov-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

ered 0.6 gram of methamphetamine inside the truck and arrested Tharaldson for a controlled substance crime. The following day, Tharaldson was served with a notice of seizure and intent to forfeit the property. Because Wolf was waiting for Tharaldson's check to clear, it had not yet transferred title to the truck; Wolf did not receive a notice of the forfeiture proceeding.

On 13 March, a state trooper visited the Wolf dealership to inquire about the sale of the truck. Wolf showed the trooper all the paper work, including the title[1] in Wolf's name and Tharaldson's uncashed check. Wolf's sales representatives later testified that the trooper told them that it would be in their "best interests" to get the title transferred but would not tell them why. As the trooper advised, Wolf filed a transfer of title. On 16 March, Wolf learned that payment on Tharaldson's check had been stopped.

Wolf petitioned for judicial determination of forfeiture, asking that the truck be returned. Following a bench trial, the district court found that Wolf had filed the transfer of title of the truck based on the recommendation of the state trooper, that Tharaldson's personal check never cleared, and that transfer of the title from Wolf to Tharaldson was conditioned on the check being honored. Concluding that "if the actions taken by [the county] * * * were to result in the county obtaining title to the truck, Wolf would be unfairly harmed and the county unfairly benefited," the district court ordered that the truck, or its value of $36,155.92, be returned to Wolf

and awarded Wolf costs, disbursements, and statutory interest. Subsequently, the court awarded Wolf attorney fees in the amount of $5,621.58. This appeal followed.[2]

## ISSUES

1. When a buyer takes possession of a vehicle after agreeing with the seller that title to the vehicle will not transfer until the vehicle is paid for, does an unlawful act of the buyer before paying for the vehicle subject the vehicle to statutory forfeiture?

2. Is prejudgment interest properly awarded in proceedings conducted under Minn.Stat. § 609.5313 (2002)?

3. Does a district court abuse its discretion in awarding attorney fees against a party after finding that the party unreasonably pursued its interest in improperly forfeited property?

## ANALYSIS

### 1. Forfeiture of the Truck

 Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn. 1998).

Minn.Stat. § 609.5311 (2002), provides:

> Subd. 2. All property, real and personal, that has been used, or is intended for use, or has in any way facilitated, in whole or in part, the * * * transporting * * * of contraband or a controlled substance that has not been lawfully manufactured, distributed, dispensed, and acquired is subject to forfeiture * * *.

1. Because the truck was new, there was no state certificate of title. The only document, a Manufacturer's Certificate of Origin, placed ownership in Wolf.

2. This is the second appeal; the first was dismissed because the issue of attorney fees had been reserved, making the appeal untimely. *See* Minn. R. Civ.App. P. 103.03(a) (an appeal may be taken from a final judgment). We note also that the county's brief does not comply with Minn. R. Civ.App. P. 132.01, subd. 1, requiring that "[b]riefs shall be double-spaced."

Subd. 3. \* \* \* (d) Property is subject to forfeiture under this section only if its owner was privy to the use or intended use described in subdivision 2, or the unlawful use or intended use of the property otherwise occurred with the owner's knowledge or consent.

The county argues that the truck is subject to forfeiture because ownership of the truck transferred to Tharaldson when he took possession of it, and therefore Wolf did not own the truck at the time of Tharaldson's arrest. But Minn.Stat. § 336.2-401(2) (2002) provides:

*Unless otherwise explicitly agreed* title passes to the buyer at the time and place at which the seller completes performance with reference to the physical delivery of the goods \* \* \*.

(Emphasis added). Here, Wolf and Tharaldson had explicitly agreed that Tharaldson would take ownership of the truck when he obtained financing to cover his check, not when Wolf physically delivered the truck to him. As the district court found, the sale of the truck was "conditional upon Tharaldson getting the necessary financing from [the bank]." Thus, despite Tharaldson's tender of a check for the full price of the truck, the parties' agreement meant that ownership did not pass at that time. And because ownership of the truck had not transferred by the time Tharaldson was arrested, Wolf remained its owner. Property used for transporting a controlled substance is subject to forfeiture only if its owner was privy to its use for that purpose. *See* Minn.Stat. § 609.5311. It is undisputed that Wolf was not privy to Tharaldson's use of the truck for transporting methamphetamine. Accordingly, the truck was not subject to forfeiture.[3]

## 2. Prejudgment Interest

■■■■ The county argues that the district court inappropriately awarded statutory prejudgment interest because the statutes governing forfeiture do not provide for prejudgment interest. Statutory construction is a question of law, which this court reviews de novo. *Trapp v. Hancuh*, 587 N.W.2d 61, 63–66 (Minn.App. 1998) (construing prejudgment interest statutes).

Minn.Stat. 549.09, subd. 1 (2002), provides that:

(a) When a judgment or award is for the recovery of money, \* \* \* interest from the time of the verdict \* \* \* until judgment is finally entered shall be \* \* \* added to the judgment or award.

(b) \* \* \* [P]reverdict \* \* \* interest on pecuniary damages shall be computed \* \* \* from the time of the commencement of the action \* \* \* or the time of a written notice of claim, whichever occurs first \* \* \*.

Wolf was awarded judgment directing either restoration of the truck or payment of its market value, $36,155.92. The county offers no support for its argument that Minn.Stat. 549.09 does not apply to judgments rendered under Minn.Stat. § 609.5313.

■■■■ Moreover, Minn.Stat. 549.09, subd. 1(b), enumerates five instances when interest is not awarded and forfeiture cases are not among them. We cannot add to a statute what the legislature has purposely omitted or inadvertently overlooked. *Ullom v. Ind. Sch. Dist. No. 112*, 515 N.W.2d 615, 617 (Minn.App.1994). We conclude

---

**3.** Because we find that the truck was not subject to statutory forfeiture, we need not address the county's argument that the district court improperly invoked equitable prin-

ciples. *See Katz v. Katz*, 408 N.W.2d 835, 839 (Minn.1987) (a correct decision will not be reversed because it is based on incorrect reasons).

that prejudgment interest was appropriately added to the award.

## 3. Attorney Fees

 This court will not reverse a district court's award of attorney fees absent an abuse of discretion. *Becker v. Alloy Hardfacing & Eng'g Co.*, 401 N.W.2d 655, 661 (Minn.1987). Minn.Stat. § 609.5314, subd. 3(d) (2002), provides, "If * * * the court orders the return of the seized property, * * * the court may order sanctions under section 549.211." Minn.Stat. § 549.211, subd. 3 (2002), provides that sanctions may be imposed on those who violate subdivision 2.

Minn. Stat § 549.211, subd. 2 (2002), provides that an attorney or an unrepresented party who presents any document to the court must certify four things:

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The district court awarded Wolf attorney fees after finding that

[the county] has unreasonably sought to pursue its perceived interest and rights in the vehicle. Its position was

not sufficiently grounded in law or the facts. Its position was only colorably supported by the law; it sought to unfairly obtain a legal interest in the property at issue. Its conduct forced Wolf to retain counsel to protect its interest and rights.

These findings reflect the statutory criteria for awarding attorney fees. Once the county became aware that Wolf and Tharaldson had agreed that Wolf would retain ownership of the truck until Tharaldson obtained financing and that Tharaldson had not obtained financing, the county should have acknowledged that Wolf's ownership precluded forfeiture. The evidence supports the district court's findings; we conclude that the award of attorney fees was not an abuse of discretion.

### DECISION

The district court properly awarded Wolf either the truck itself or its value, prejudgment interest on that value, and attorney fees.

**Affirmed.**